UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CATHY PERRY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:18 CV 79 |
| ALLISON HIGGINS-BALLAS, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's motion to remand (DE # 9) and defendants' motion to dismiss defendant Higgins-Ballas pursuant to Federal Rule of Civil Procedure 21. (DE # 15.) For the reasons identified below, plaintiff's motion to remand will be granted, and defendants' motion to dismiss will be denied.

### I. BACKGROUND

Plaintiff Cathy Perry originally filed her complaint in the Lake County Superior Court. (DE # 4.) Defendants, Wal-Mart Stores East, LP ("Wal-Mart"), and Allison Higgins-Ballas, removed this case to federal court based on diversity jurisdiction,[1] and then filed a motion to dismiss Higgins-Ballas (a non-diverse defendant) pursuant to Federal Rule of Civil Procedure 21, for fraudulent joinder. (DE ## 1, 2.) Plaintiff then filed a motion to remand (DE # 9) and an amended

---

[1] The parties agree that plaintiff and Higgins-Ballas are both citizens of Indiana, while Wal-Mart is a citizen of Arkansas and Delaware.

complaint. (DE # 14.) Defendants responded by filing a second motion to dismiss for fraudulent joinder. (DE # 15).

Plaintiff's amended complaint alleges that, while visiting a Wal-Mart store in Merrillville, Indiana, plaintiff slipped and fell in a puddle of chicken juice near the meat counter. (DE # 14 at 1.) Plaintiff claims that the injuries she sustained as a result of her fall were caused by the negligence of Higgins-Ballas (the manager on duty) and/or other Wal-Mart employees. (*Id.*) According to plaintiff, Wal-Mart is vicariously liable for the negligent acts of Higgins-Ballas. (*Id.* at 2.) She also alleges that Wal-Mart is liable for failing to properly train its employees, failing to have proper safety policies in place, and failing to maintain and/or inspect its property. (*Id.* at 1.)

In their motion to dismiss, defendants argue that plaintiff improperly named Higgins-Ballas in an attempt to evade diversity jurisdiction. (DE # 15 at 1.) According to defendants, there is no reasonable possibility that plaintiff could prevail against Higgins-Ballas because the negligence alleged in plaintiff's amended complaint may only be imputed to Wal-Mart – for two reasons. (*Id.*) First, plaintiff does not allege that Higgins-Ballas directly participated in, authorized, or directed, the tort alleged in plaintiff's complaint. Second, the omissions plaintiff attributes to Higgins-Ballas (failure to train, failure to implement safety policies, failure to inspect and maintain the property, failure to clear the floor of hazardous materials) are

related to duties Higgins-Ballas owed only to Wal-Mart, not to a third-party such as plaintiff. (*Id.* at 3-6.)

II.     **LEGAL STANDARD**

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir. 2002). District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). *See also Schur*, 577 F.3d at 758.

The fraudulent joinder doctrine arises out of Federal Rule of Civil Procedure 21, which provides in relevant part: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "When speaking of jurisdiction, 'fraudulent' is a term of art. Although false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (internal citations omitted).

3

The Seventh Circuit Court of Appeals has stated that "[f]raudulent joinder is difficult to establish" and a defendant attempting the feat faces a "'heavy burden.'" *Schur,* 577 F.3d at 764 (quoting *Poulos,* 959 F.2d at 73). A defendant claiming fraudulent joinder "must demonstrate that, 'after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Id.* (quoting *Poulos,* 959 F.2d at 73). "Framed a different way, the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.* (quoting *Poulos,* 959 F.2d at 73.).

The court must examine state law to determine whether the plaintiff has any reasonable possibility of success. *Id.* Here, the parties do not dispute that Indiana law governs this case. In applying Indiana law, the court must apply the law that would be applied by the Indiana Supreme Court. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). If the Indiana Supreme Court has not spoken on the issue, the court should treat decisions by the Indiana courts of appeal as authoritative, unless there is a compelling reason to believe that the Indiana Supreme Court would decide the issue differently. *Id.*

### III. ANALYSIS

This court's analysis of the pending motions begins and ends with the fact that neither the Indiana Supreme Court nor the Indiana Court of Appeals has addressed the extent to which a store manager can be held personally liable to a

third-party for injuries the third-party sustained on her employer's premises. While defendants argue that the issue is definitively resolved under Indiana agency principles, the law is not nearly as clear as defendants claim.

Defendants argue that Higgins-Ballas, as an agent of Wal-Mart, owed duties solely to Wal-Mart and therefore cannot be held individually liable under Indiana agency law. However, this argument fails to capture two important caveats in Indiana agency law. Generally, an agent is not liable for actions taken on behalf of the principal. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 642 (7th Cir. 2015) (applying Indiana law). However, the Indiana Supreme Court has adopted two exceptions to this general rule. "'An agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, or unless the agent has taken control of land or other tangible things.'" *Greg Allen Const. Co. v. Estelle*, 798 N.E.2d 171, 174 (Ind. 2003) (quoting Restatement (Second) of Agency § 352 (1958)). Therefore, it is possible that Higgins-Ballas could be liable on the basis that Wal-Mart relied on a promise she made to maintain the safety of its store. Alternatively, Higgins-Ballas could be liable on the basis that she was in control of the store in her capacity as manager. *See e.g. Marshall v. Erie Ins. Exch.*, 923 N.E.2d 18, 25–26 (Ind. Ct. App.), aff'd on reh'g, 930 N.E.2d 628 (Ind. Ct. App. 2010) (agent who managed property that damaged neighboring property could be held jointly and severally liable with his principle where agent exercised

5

control over maintenance of property, and had previously promised to correct condition that later caused damage).

Higgins-Ballas might also be found liable under general tort principles. "In premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred. The rationale is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to prevent any foreseeable harm." *Schneider v. Paragon Realty, LLC*, 55 N.E.3d 374, 379 (Ind. Ct. App.), reh'g denied (July 25, 2016), transfer denied, 62 N.E.3d 1202 (Ind. 2016) (internal citation omitted). "One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land." Restatement (Second) of Torts § 383 (adopted by *Rider v. McCamment*, 938 N.E.2d 262, 267 (Ind. Ct. App. 2010); *Taylor v. Duke*, 713 N.E.2d 877, 881 (Ind. Ct. App. 1999)). Thus, Higgins-Ballas might be liable to plaintiff on a theory that she was exercising control of the property at the time plaintiff was injured.

Indiana courts have also applied tort principles to find that agents of landowners may be liable to third-parties where the agent had a contractual duty of care, assumed a duty of care, or had actual knowledge of a dangerous condition. *See Hunt Const. Grp., Inc. v. Garrett*, 964 N.E.2d 222, 225 (Ind. 2012) ("a construction

6

manager owes a legal 'duty of care' . . . for jobsite employee safety in two circumstances: (1) when such a duty is imposed upon the construction manager by a contract to which it is a party, or (2) when the construction manager 'assumes such a duty, either gratuitously or voluntarily'" (internal citation omitted)); *Schneider*, 55 N.E.3d at 379 (property management company that was contractually obligated to landowner to maintain premises could have been liable to third-party invitee if invitee had been injured on premises controlled by management company); *Masick v. McColly Realtors, Inc.*, 858 N.E.2d 682, 691 (Ind. Ct. App. 2006) (real estate broker who otherwise lacked sufficient control over property to give rise to duty to third-parties, nevertheless had duty to warn prospective buyers of dangerous condition on property where he had actual knowledge of condition).

Moreover, a corporate officer may be held individually liable if the officer personally participated in, directed, or authorized the underlying tortious conduct. *See e.g. Comm'r, Dep't of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556 (Ind. 2001) (a corporate officer may be held personally liable under general legal principles if he or she individually participated in the underlying violation); *State, Civil Rights Comm'n v. Cty. Line Park, Inc.*, 738 N.E.2d 1044 (Ind. 2000) (president and secretary of mobile home company could be sued in their individual capacities for directly participating in housing discrimination); *Stephen v. Costa*, 6 N.E.3d 504 (Ind. Ct. App. 2014) (unpublished) (affirming lower court's finding of personal liability for negligence

7

against company president who personally participated in sales demonstration of flash-bang device that injured plaintiff).

It is not clear under Indiana law, however, whether an omission or failure to act by an employee or manager would constitute participation in, or direction and authorization of, tortious conduct. In fact, the district courts in this Circuit that have considered whether a store manager may be held individually liable have all found Indiana law too unsettled to grant a defendant's motion to dismiss the manager for fraudulent joinder – and have remanded the cases back to state court. *See Springer v. Wal-Mart Corp. Office*, 2010 WL 3275521, at *1 (N.D. Ind. Aug. 17, 2010); *Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684, at *3 (S.D. Ind. Apr. 23, 2008); *Antonio v. Wal-Mart*, 2007 WL 2884371, at *7 (S.D. Ind. Sept. 27, 2007).

Ultimately, this court agrees with the reasoning of its sister courts. While Indiana law is clear that Higgins-Ballas may be individually liable if she directly participated in, authorized, or directed an action that led to plaintiff's injury – it is not clear whether she could be liable under Indiana law for a failure to act to prevent plaintiff's injury. As the foregoing analysis demonstrates, however, it is certainly *possible* that she could be held individually liable under general agency or tort principles. Therefore, because plaintiff chose state court as her forum, no party has demonstrated that Indiana law has a conclusive answer about Higgins-Ballas' individual liability, and defendants have failed to demonstrate that there is no

reasonable possibility that Higgins-Ballas could be held liable under Indiana law, this case must be remanded to state court.

C. *Motions for Attorneys Fees*

Plaintiff has requested that this court award her attorney's fees, pursuant to 28 U.S.C. § 1447(c), on the basis that defendants were aware of the uncertainty in Indiana law and thus lacked an objectively reasonable basis for seeking removal. (DE # 16 at 10.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The authorization for fees under the removal statute is permissive, not mandatory. *Id.* The Supreme Court has held that there is no "heavy congressional thumb" on either side of this fee-shifting provision. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Stated differently, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Moreover, "[d]istrict court decisions . . . do not render the law clearly established." *Id.*

Here, there are only district court decisions holding that Indiana law is unsettled; no clearly established law has foreclosed defendants' basis for removal.

9

While defendants' basis for removal was questionable in light of the foregoing Indiana law – it was not objectively unreasonable. Thus, this court will deny plaintiff's request for attorney's fees.

IV.     **CONCLUSION**

For these reasons, the court **GRANTS** plaintiff's motion to remand (DE # 9); **DENIES** defendants' second motion to dismiss (DE # 15); **DENIES AS MOOT** defendant's first motion to dismiss (DE # 2); and **DENIES** plaintiff's request for attorney's fees. The court **REMANDS** this case back to the Lake County Superior Court.

                              **SO ORDERED.**

Date: June 27, 2018

                    s/James T. Moody_____
                    JUDGE JAMES T. MOODY
                    UNITED STATES DISTRICT